UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESTINY ABUMCHI,

      Plaintiff,                              Case No. 20-CV-13286

vs.                                    HON. MARK A. GOLDSMITH

JOAK AMERICAN HOMES,
INC., et al.,

      Defendants.

_____/

## OPINION & ORDER
## DENYING AS PREMATURE DEFENDANTS' MOTION TO DISMISS (Dkt. 13)

      Plaintiff Destiny Abumchi brings this Fair Labor Standards Act (FLSA) action for failure to pay overtime wages against Defendants Joak American Homes, Inc. and Carnegie Adult Foster Care.  Compl. (Dkt. 1).[1]  According to Abumchi, Joak and Carnegie are non-profits that provide "24-hour care for vulnerable individuals" through "residential care facilities" and their "staff's health care expertise."  Id. at ¶¶ 2, 6–7.  Abumchi asserts that, because her case arises under FLSA, the Court has subject-matter jurisdiction via the federal question statute, 28 U.S.C. § 1331.  Id. ¶ 4.  Defendants disagree, and they have brought a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. 13).  For the following reasons, Defendants' motion is denied as premature.[2]

_____

[1] Defendants also include Hyacinth Akunne and Andrew Akunne.  Hyacinth is the president of Joak and Carnegie, and Andrew is a director of both organizations.  Compl. at ¶¶ 8–9.

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).  In addition to the motion, the briefing includes Abumchi's response (Dkt. 17) and Defendants' reply (Dkt. 18).

# I. ANALYSIS[3]

In this case, federal question jurisdiction turns on the applicability of FLSA.  FLSA requires overtime payments for any employee who is "engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).  As relevant here, "enterprise" means "the related activities performed . . . by any person or persons for a common business purpose."  29 U.S.C. § 203(r)(1).  "[A]ctivities performed . . . in connection with the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, [or] the mentally ill or defective who reside on the premises of such institution . . . [are] deemed to be activities performed for a business purpose."  Id. § 203(r)(2)(A).

The parties' dispute as to whether Joak and Carnegie are subject to FLSA largely revolves around the question of whether they performed any of the activities listed in § 203(r)(2)(A).  According to Abumchi, Joak "provides care for the mentally ill through numerous live-in facilities" such as Carnegie.  Resp. at 8–11.  Meanwhile, Defendants contend that Joak and Carnegie are "adult foster care home[s]" that provide "supervision, personal care, protection, room and board to [their] residents" but do not provide professional or medical care.  Reply at 1.

Ultimately, as Abumchi points out, Defendants' motion is premature given that the parties have not engaged in any discovery.  Resp. at 2.  Case law supports the proposition that

---

[3] A court may dismiss a claim pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. Moir v. Greater Cleveland Reg'l Transp. Auth., 895 F.2d 266, 269 (6th Cir. 1990). When the defendant challenges subject-matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction.  Nichols v. Muskingum Coll., 318 F.3d 674, 677 (6th Cir. 2003).  Rule 12(b)(1) motions generally come in two varieties: facial attacks and factual attacks. Gentek Bldg. Products, Inc. v. Sherman-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007).  A factual attack—like the one that Defendants launch here—raises a factual controversy as to whether subject-matter jurisdiction exists.  Id.  In the case of factual attacks, no presumptive truthfulness applies to the allegations, and a court may consider documents outside the pleadings. Id.

discovery is often needed to permit a plaintiff to properly respond to a factual attack on subject-matter jurisdiction.  See, e.g., Skidmore v. Access Grp., Inc., 149 F. Supp. 3d 807, 810 (E.D. Mich. 2015) ("As matters outside the complaint may be considered in deciding a Rule 12(b)(1) motion raising a factual attack . . . there may be merit to [the plaintiff's] argument that he needs discovery to properly respond to the motion.").  The need for discovery to properly brief the question of enterprise coverage under FLSA is particularly acute because the inquiry is often fact-specific; as a result, courts commonly deny as premature Rule 12(b) motions related to FLSA coverage.  See, e.g., Charles v. Artistic Landscape Creations, Inc., No. 14-62740, 2015 WL 11201175, at *4 (S.D. Fla. Apr. 20, 2015) (denying motion to dismiss upon finding that plaintiff sufficiently pled FLSA claim on the basis of enterprise coverage, and denying as premature defendants' alternative request for summary judgment based on documents attached to the motion because the motion "was filed early in this action, and before either party had the opportunity for meaningful discovery"); Rodgers v. Global Prophets, Inc., No. 09-80753, 2009 WL 3288130, at *1 (S.D. Fla. Aug. 18, 2009) (denying as premature motion for summary judgment on issue of FLSA enterprise coverage where plaintiff had insufficient opportunity for discovery).  This Court will follow suit and deny Defendants' motion as premature.

## II. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject-matter jurisdiction (Dkt. 13) is denied as premature.  The Court will separately issue a case management and scheduling order setting forth discovery deadlines as well as other deadlines and dates. Defendants must file an answer to the complaint within 14 days of this Opinion and Order.

SO ORDERED.

Dated:  April 22, 2022                          s/Mark A. Goldsmith
    Detroit, Michigan                       MARK A. GOLDSMITH
                                           United States District Judge